**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4097**

———————

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

      v.

RICHARD JAMAR PERRY, a/k/a Big Mac, a/k/a Mac,

                  Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:11-cr-00076-SGW-RSB-1)

———————

Submitted:  September 23, 2014      Decided:  September 25, 2014

———————

Before NIEMEYER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, P.C., Abingdon, Virginia, for Appellant. Timothy J. Heaphy, United States Attorney, Jean B. Hudson, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Jamar Perry pled guilty pursuant to a plea agreement to conspiracy to make, utter, and possess counterfeit securities. He was sentenced to forty-one months in prison. On appeal, Perry claims that the Government breached his plea agreement by not recommending an acceptance of responsibility adjustment under U.S. Sentencing Guidelines Manual § 3E1.1 (2011). Because we conclude that the Government did not breach the plea agreement, we affirm.

The plea agreement provided that, if Perry accepted responsibility for his conduct and complied with the provisions of the agreement, the Government would recommend a two-level reduction under USSG § 3E1.1(a), and, if applicable, an additional one-level reduction under USSG § 3E1.1(b). The presentence report ("PSR") did not recommend an acceptance of responsibility adjustment, and the Government did not move for one at sentencing. Perry did not object.

Because Perry did not object to the Government's failure to make the disputed recommendation, this court's review is for plain error. Puckett v. United States, 556 U.S. 129, 133-34 (2009). "It is settled that a defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." United States v. Snow, 234 F.3d 187, 189 (4th Cir. 2000). Under

2

plain error review, Perry must show not only that the plea agreement was breached, but also that "the breach was 'so obvious and substantial that failure to notice and correct it affect[ed] the fairness, integrity or public reputation of the judicial proceedings.'"  United States v. McQueen, 108 F.3d 64, 66 & n.4 (4th Cir. 1997) (citing United States v. Fant, 974 F.2d 559, 565 (4th Cir. 1992)).

We conclude that there was no error, much less plain error.  The district court ruled that Perry minimized and misstated his involvement in the crime of conviction.  While Perry asserts that language in the plea agreement permitting him to argue whether Guidelines sections should or should not apply prohibited the Government from withholding an acceptance of responsibility recommendation based upon his sentencing testimony and objections, Perry's argument finds no support in the record.  The district court ruled that Perry's testimony regarding his criminal activity was not credible and that, contrary to his testimony at the sentencing hearing, he was intimately involved in the conspiracy from start to finish.  Thus, Perry did not receive an acceptance of responsibility adjustment, not because he objected to the PSR, but rather because his testimony regarding his participation in the conspiracy was not credible and improperly sought to minimize his participation while maximizing the participation of others.

3

Because Perry did not accept responsibility for his conduct as required by the plea agreement, the Government was not obligated to recommend an acceptance of responsibility adjustment. Accordingly, there was no breach by the Government, and we, therefore, affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED